FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2017 JAN 18 PM 12: 12

TORY SIMPSON,
        Plaintiff,
v.

CASE NO. 3:17-cv-57-J-25MCR
DEMAND FOR JURY TRIAL

SYNCHRONY BANK,
a foreign corporation,
        Defendant.
_____/

## COMPLAINT

Plaintiff, TORY SIMPSON (hereinafter "Mr. Simpson"), brings this action to recover damages and equitable relief against SYNCHRONY BANK ("Defendant"), arising from the unlawful acts of Defendant in violation of the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA"), Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq., and the Florida Consumer Credit Collection Practices Act, §559.55, Fla. Stat. (2013) ("FCCPA"). In support of his claims, Plaintiff states as follows:

### JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and 15 U.S.C. §1692k(d). Supplemental jurisdiction for all state claims exists pursuant to 28 U.S.C. §1367. Venue is proper because the causes of action alleged herein accrued here in this District.

### PARTIES

2. Plaintiff, Mr. Simpson, is a person residing in Duval County, Florida. Defendant, Synchrony Bank, a foreign corporation, is in the business of collecting consumer debts in Florida. Its principal office is located at 170 West Election Road, Suite 125, Draper, Utah 84020.

3. Defendant, Synchrony Bank, regularly attempts to collect debts incurred for personal, family or household purposes from consumers. At all times relevant hereto, Defendant, Synchrony Bank, was acting as a debt collector with respect to a consumer debt.

4. All conditions precedent to bringing this action have been satisfied, waived or excused. This action is timely filed.

## FACTS GIVING RISE TO RELIEF

5. In or around January 19, 2014, Mr. Simpson opened an account for cellular telephone service with Verizon Wireless, through its trademarked provider, Verizon Wireless[1].

6. At all times relevant herein, Mr. Simpson was and continues to be the sole user of the cell phone and the associated Mobile # 904-710-XXXX.

7. In or around October 2016, Mr. Simpson began receiving cell phone calls from Defendant at his 904-710-XXXX number.

8. The caller id on Mr. Simpson's cell phone revealed the cell phone call was coming from 877-822-2015. Mr. Simpson was not at all familiar with this number.

9. Defendant, Synchrony Bank, left automated messages on Mr. Simpson's cellular phone voicemail stating that the call was in response to a debt owed on a TJ Maxx Reward Platinum Mastercard and asking for someone to call back at 877-822-2015.

10. Mr. Simpson did not initially call back thinking that this was a wrong number as he has never had a TJ Maxx Reward Platinum Mastercard.

11. Again, Mr. Simpson has never had a TJ Maxx Reward Platinum Mastercard, nor does he have any delinquent debt or any account that is in collection with Synchrony Bank.

---

[1] For privacy reasons, the # is not set forth in full herein; however, upon agreement of the parties or order of the Court regarding the confidential handling of the full Mobile #, Plaintiff will provide the cell phone number in full.

12. After a few more calls from 877-822-8015 Mr. Simpson called back. This call was made by Mr. Simpson on November 3, 2016 at 3:45pm. Mr. Simpson talked to a female who advised she was a debt collector with Synchrony Bank. Mr. Simpson advised that he had been receiving calls to his cell phone from this number and that he does not have a TJ Maxx Reward Platinum Mastercard. The female account advisor took Mr. Simpson's information and advised that she did not see him in her system and that she would remove his number from their system.

13. Despite Mr. Simpson's discussion with an account representative of Defendant that they were calling a wrong number, Defendant Synchrony Bank has continued to call regarding this account.

14. Mr. Simpson received another call from 877-822-8015 the very next day, November 4, 2016 again from an automated message went to his voicemail.

15. Mr. Simpson received another automated call and voicemail from 877-822-8015 on November 5, 2016 at 12:58pm.

16. Now annoyed and frustrated, Mr. Simpson called the Defendant on November 5, 2016. On this occasion, Mr. Simpson talked to a male account representative of Defendant. This account representative took Mr. Simpson's information once more and again advised that he could not find Mr. Simpson in their system. This account representative advised Mr. Simpson that the calls would stop. This call lasted twelve minutes.

17. The calls have not stopped. The calls from the Defendant have continued despite repeated attempts by Mr. Simpson to have them stopped, which has included more calls to Defendant and requests to speak to supervisors without success.

18. Mr. Simpson has now received over fifty calls to his cell phone from Defendant.

19. Defendant has and continues to utilize an automated telephonic dialing system to make the calls to Mr. Simpson and leave messages on his voicemail.

20. Defendant is subject to, and required to abide by, the laws of the United States and the State of Florida which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2), and the Florida Consumer Collection Practices Act.

## Count I
## Violation of the Telephone Consumer Protection Act

21. Plaintiff incorporates by reference and re-alleges each of the allegations contained in Paragraphs 1-20 of this complaint with the same force and vigor as if set out here in full.

22. Defendant has placed numerous automated calls to Plaintiff's cell phone utilizing the Mobile # 904-710-XXXX, despite being informed that they were calling a wrong number.

23. None of the calls placed by Defendant were pursuant to an established business relationship with Plaintiff, and Plaintiff has never had a TJ Maxx Reward Platinum Mastercard issued and serviced by Synchrony Bank.

24. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which is the hallmark of an automatic telephone dialing system (*i.e.*, auto-dialer) in that there is an automated or pre-recorded voice in the voicemails left on the Plaintiff's cellular account.

25. With each call placed to the Mobile # 904-710-XXXX, Defendant violated 47 U.S.C. §227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone, which were initiated by an automatic telephone dialing system and/or made using an artificial or prerecorded voice, and not legally permissible under any provision to the aforementioned statute.

26. Defendant was advised that they were calling the wrong number, yet they ignored this and continued to call Plaintiff's cell phone at the Mobile # 904-710-XXXX numerous times.

27. Defendant's actions were deliberate, willful and in complete disregard for the law.

**WHEREFORE**, Plaintiff requests this Court to enter a judgment against Defendant pursuant to the Act as follows:

a. Five-Hundred Dollars ($500.00) in statutory damages for each violation of the TCPA through unlawful calls made to Plaintiff's cell phone;

b. Fifteen-Hundred Dollars ($1,500.00) in statutory damages for each willful or knowing violation of the TCPA through unlawful calls made to Plaintiff's cell phone;

c. Award court costs to Plaintiff;

d. A permanent injunction prohibiting Defendant from making non-emergency calls to Plaintiff's cell phone at the Mobile # 904-710-XXXX in violation of the TCPA; and

e. Grant such other and further relief as this Court deems equitable.

## COUNT II
### Violation of Fair Debt Collection Practices Act

28. Plaintiff incorporates by reference and re-alleges each of the allegations contained in Paragraphs 1-20 of this complaint with the same force and vigor as if set out here in full.

29. This action is for statutory damages pursuant 15 U.S.C. §1692 *et seq.* as a result

of Defendant's unlawful practice of attempting to collect on alleged consumer debts without properly identifying itself as a debt collector and continuing to contact a consumer to attempt to collect on a debt knowing the consumer called does not owe the debt.

30. Mr. Simpson is a consumer as defined by 15 U.S.C. §1692a(3).

31. Defendant is a debt collector as defined by 15 U.S.C. §1692a(6).

32. Defendant's violations of the FDCPA with regard to Mr. Simpson include but are not limited to:

   a. causing his phone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

   b. failing to meaningfully identify itself when calling Mobile # 904-710-XXXX; and

   c. repeatedly calling Mr. Simpson after being informed Defendant was calling the wrong number.

   d. causing Mr. Simpson to suffer anger, disgust, anxiety and frustration.

33. Plaintiff has been forced to retain the undersigned counsel and has promised to pay reasonable fees for those services. Defendant is liable for those fees pursuant to 15 U.S.C. §1692k.

**WHEREFORE**, Plaintiff requests the following relief:

a. A Judgment adjudging and declaring that the Defendant Synchrony Bank violated the FDCPA by calling Mr. Simpson numerous times in the collection or the attempted collection of a debt, knowing he did not owe the debt, and by failing to identify itself as required by law;

b. A Judgment awarding Mr. Simpson his actual damages;

c. A Judgment awarding statutory damages pursuant to 15 U.S.C. §1692k based upon Defendant's violation of the FDCPA;

d. A Judgment awarding costs of this action and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

e. Awarding Plaintiff such other and further relief as may be just and proper.

## COUNT III
### Violation of Florida's Consumer Collection Practices Act

34. Plaintiff incorporates by reference and re-alleges each of the allegations contained in Paragraphs 1-20 of this complaint with the same force and vigor as if set out here in full.

35. This action is for statutory damages, declaratory and injunctive pursuant §559.55, Fla. Stat. et seq. as a result of Defendant's unlawful practice of attempting to collect on alleged consumer debts without properly identifying itself as a debt collector and continuing to contact a consumer to attempt to collect on a debt knowing the consumer called does not owe the debt.

36. Mr. Simpson is consumer as defined by §559.55(2), Fla. Stat. (2013).

37. Defendant is a debt collector as defined by §559.55(6), Fla. Stat. (2013).

38. Defendant's violation of the FCCPA includes, but is not limited to, claiming, attempting, or threatening to enforce a debt when such person knows that the debt is not legitimate or asserting the existence of some other legal right when such person knows that the right does not exist, in violation of §559.72(9), Fla. Stat. (2013).

39. Defendant's violations of the FCCPA with regard to Mr. Simpson include but are not limited to:

  a. causing his phone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

  b. failing to meaningfully identify itself when calling the Mobile # 904-710-XXXX;

  c. repeatedly calling Mr. Simpson after being informed Defendant was calling the

wrong number; and

    d. causing Mr. Simpson to suffer anger, disgust, anxiety and frustration.

40. Plaintiff has been forced to retain the undersigned counsel and has promised to pay reasonable fees for those services. Defendant is liable for those fees, as well as court costs, pursuant to §559.77, Fla. Stat. (2013).

**WHEREFORE**, Plaintiff requests the following relief:

a. A Judgment adjudging and declaring that Defendant, Synchrony Bank, violated the FCCPA by calling Mr. Simpson numerous times in the collection or the attempted collection of a debt, knowing he did not owe the debt;

b. A Judgment pursuant to the FCCPA enjoining Defendant Synchrony Bank from any further contact with Plaintiff;

c. A Judgment awarding Plaintiff his actual damages;

d. A Judgment awarding statutory damages pursuant to §559.77, Fla. Stat. (2013) based upon Defendant's violation of the FCCPA;

e. A Judgment awarding costs of this action and reasonable attorneys' fees pursuant to §559.77, Fla. Stat. (2013); and

f. Awarding Plaintiff such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Date: January 17, 2017

                                      **RESPECTFULLY SUBMITTED**
                                      **ESPENSHIP, SCHLAX & ALBEE, LLC**

*/s/ Sean A. Espenship*

_____
Sean A. Espenship, Esquire / FBN: 128340
Stephen F. Albee Esq. FBN: 9796786
200 East Forsyth Street
Jacksonville, Florida 32202
Email: sean@esalawgroup.com
Tel: (904) 674-0717 Fax: (904) 674-0737
*Attorneys for Defendant*